UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCEL JOHNSON, | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 13-1934 (RC) |
| ERIC D. WILSON, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Marcel Johnson's Petition for a Writ of Habeas Corpus by a Person in Custody in the District of Columbia. For the reasons discussed below, the petition will be denied.

I. BACKGROUND

On September 10, 2010, in the Superior Court of the District of Columbia, a jury found petitioner guilty of conspiracy and robbery. United States' Opp'n to Pet'r's Pet. for Writ of Habeas Corpus ("Resp't's Opp'n") at 5; Pet. at 2. The Superior Court sentenced petitioner to a 36-month term of imprisonment followed by a 3-year term of supervised release on the conspiracy conviction, and sentenced him to a 120-month term of imprisonment followed by a three-year term of supervised release for robbery. Resp't's Opp'n at 5. The sentences were to be served concurrently to each other and consecutively to any other sentence. *Id*. Petitioner filed a notice of appeal on December 23, 2010, and counsel was appointed to represent him before the District of Columbia Court of Appeals. *See* Resp't's Opp'n, Ex. B (docket sheet, *Johnson v.*

1

*United States*, No. 10-CF-1610 (D.C. Ct. of App. filed Dec. 23, 2010) at 2. The Court of Appeals affirmed petitioner's conviction on September 23, 2011, and issued its mandate on October 28, 2011. *Id*., Ex. A (Judgment, *Johnson v. United States*, No. 10-CF-1610 (D.C. Ct. of App. filed Sept. 23, 2011)); *see id*., Ex. B at 1.

Petitioner, who then was proceeding *pro se*, filed a motion to recall the mandate, *see id*., Ex. C (Defendant's Motion to Recall the Mandate Pursuant to D.C. App. R. 41(f)), which the Court of Appeals denied on the merits, *id*., Ex. D (Order, *Johnson v. United States*, No. 10-CF-1610 (D.C. Ct. of App. filed Oct. 25, 2012)). Undaunted, petitioner now seeks relief in federal district court under 28 U.S.C. § 2254.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel Claim

According to petitioner, trial counsel rendered deficient performance by failing to file a motion for a mistrial and a motion for a new trial after the jury's verdict. Pet. at 5 (Ground Three). Respondent argues that the ineffective assistance of trial counsel claim "must be dismissed because the petitioner has not, and cannot, show that his remedy under . . . D.C. Code § 23-110 . . . is 'adequate or ineffective.'" Resp't's Opp'n at 11.

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court may be available to a District of Columbia offender who "is in custody in violation of the

Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that [he] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[1] D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."), *cert. denied*, 559 U.S. 1042 (2010); *Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per curiam) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

"Petitioner insists his direct appeal was the vehicle used to challenge [trial] counsel's effectiveness," Pet.'s Reply at 5, but he has chosen the incorrect remedy. A District of Columbia offender "seeking to collaterally attack his sentence must do so by motion in the sentencing court – the Superior Court – pursuant to D.C. Code § 23-110," *Byrd*, 119 F.3d at 36, and "a motion to vacate sentence under section 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel," *Garmon v. United States*, 684 A.2d 327, 329 n.3 (D.C. 1996) (citation omitted). The local remedy is neither inadequate nor ineffective simply because petitioner has not pursued it. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative, and appellant's difficulty here is simply that his circumstances preclude him from invoking it.");

---

[1] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to [§] 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1042 (2010).

*Hopkins v. Anderson*, No. 09-1179, 2009 WL 1873041, at *2 (D.D.C. June 29, 2009) ("The mere denial of relief by the local courts does not render the local remedy inadequate or ineffective.").

Petitioner argues that, pursuant to *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), this Court can "entertain [the ineffective assistance of trial counsel] claim because petitioner was not appointed counsel to file a collateral motion pursuant to D.C. Code § 23-110." Pet. at 5. Again, petitioner is mistaken. *Martinez* applies only "where state procedural law said that 'claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding,'" *Trevino v. Thaler*, __ U.S. __, __, 133 S. Ct. 1911, 1914-15 (2013) (citing *Martinez*, 132 S. Ct. at 1320) (emphasis removed), and a District of Columbia offender "is not so constrained," *see Richardson v. United States*, 999 F. Supp. 2d 44, 49 (D.D.C. 2013). Moreover, a prisoner "lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings." *Williams*, 586 F.3d at 1001.

### B. Ineffective Assistance of Appellate Counsel Claim

A District of Columbia prisoner "who challenge[s] the effectiveness of appellate counsel through a motion to recall the mandate in the [District of Columbia] Court of Appeals will get a second bite at the apple in federal court . . . under the standard set forth in 28 U.S.C. § 2254." *Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012) (internal quotation marks and citations omitted). In relevant part, § 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A federal court does not grant a habeas petition unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id.* § 2254(b)(1).

An individual convicted in and sentenced by the Superior Court of the District of Columbia is considered a state prisoner for purposes of § 2254. *See Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam) (A "conviction in the Superior Court of the District of Columbia is considered a state court conviction under federal habeas law," and a challenge to a Superior Court conviction is "properly brought under 28 U.S.C. § 2254.").

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted). And "[c]ourts have generally applied the same analysis to the time limitations in § 2254 and § 2255." *United States v. Cicero*, 214 F.3d 199, 203 n.* (D.C. Cir. 2000) (citations omitted). The limitation period for the filing of a petition under § 2254 is set forth in § 2244. *See Wright v. Wilson*, 930 F. Supp. 2d 7, 9 (D.D.C. 2013). It runs from the latter of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution

5

> or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not assert that any of the provisions of § 2244(d)(1)(B)-(D) apply in this case, nor does it appear to the Court that he could successfully make any such assertion. Where, as here, a petitioner does not file a petition for a writ of certiorari, "his state-court judgment becomes final 'when the time for filing a certiorari petition expires,'" *Davis v. Cross*, 774 F. Supp. 2d 62, 65 (D.D.C. 2011) (citing *Clay v. United States,* 537 U.S. 522, 527 (2003)), that is, 90 days after the state court judgment, *see* S. Ct. R. 13(1) (setting 90-day deadline for filing a petition for writ of certiorari).

The Court of Appeals affirmed petitioner's conviction on September 23, 2011, and the time for filing a petition for a writ of certiorari expired 90 days later, on December 22, 2011. Accordingly, the time for filing a § 2254 petition in this Court expired one year later, on December 22, 2012 (or the next business day, Monday, December 24, 2012). Petitioner filed his petition on October 3, 2013, nearly 10 months after the limitations period expired.[2]

Petitioner attempts to avoid the time limitation by arguing his actual innocence. *See* Pet'r's Reply at 5. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the

---

[2] Petitioner signed his petition on October 3, 2013. *See* Pet. at 7. The Clerk of Court received the petition on October 15, 2013, and officially entered the petition on the Court's electronic docket on December 5, 2013. *See id*. at 1. Both the respondent, *see* Resp't's Opp'n at 7, and the Court treat the petition as if it were filed on October 3, 2013.

6

statute of limitations." *McQuiggen v. Perkins*, __ U.S. __, __, 133 S. Ct. 1924, 1928 (2013). In this case, his "underlying claim of ineffective assistance of appellate counsel . . . is . . . based on . . . wholly different issues that were not presented to the [Court of Appeals] in [his motion to] recall [the] mandate," *Mackall v. Wilson*, __ F. Supp. 2d __, __, 2014 WL 1272740, at *3 (D.D.C. Mar. 29, 2014), and because the 180-day period for the filing of a motion to recall the mandate has expired, *see* D.C. App. R. 41(f), petitioner is procedurally barred from raising ineffective assistance of appellate counsel claims that differ from those presented to the Court of Appeals, *see id.*; *Richardson v. Stephens*, No. 11-5004, 2011 WL 8363538, at *1 (D.C. Cir. 2011) (per curiam). And petitioner cannot overcome this procedural bar because he neither "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, [nor] demonstrate[s] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## III.  CONCLUSION

The Court concludes that the claims raised in the petition for a writ of habeas corpus are either time-barred, not properly raised in this court, or procedurally defaulted. Accordingly, the Court will deny the petition and dismiss this civil action. An Order is issued separately.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE:  November 5, 2014

7